BACHARACH *v.* SPRIGGS.

## Opinion delivered March 21, 1927.

1. EXECUTORS AND ADMINISTRATORS—POWER TO SELL LAND.—An executor derives his power from the will, and, if it authorizes him to sell lands, he may do so without an order of the probate court.

2. EXECUTORS AND ADMINISTRATORS—AUTHORITY OF FOREIGN EXECUTRIX.—An executrix qualified and acting under authority of a will executed in another State *held* authorized to sell land in Arkansas as directed by the will.

3. SPECIFIC PERFORMANCE—WHEN DENIED.—When a foreign executrix exercised a power under the will to sell Arkansas lands, the chancellor properly dismissed, for want of equity, a complaint for specific performance of a contract made by a local administrator for the sale of such lands.

4. DISMISSAL AND NONSUIT—RETAINING JURISDICTION FOR COMPLETE RELIEF.—Where parties, suing for specific performance of a local administrator's contract to sell real property, secured a deed from the administrator, which constituted a cloud on defendant's title, the court properly retained jurisdiction, on dismissing the complaint, to cancel such deed as prayed in the cross-complaint.

5. CANCELLATION OF INSTRUMENTS.—Devisees, conveying their interest in realty by warranty deed, could proceed with a cross-bill for cancellation of an administrator's deed from a local administrator, in a suit for specific performance of the latter's contract of sale.

Appeal from Phillips Chancery Court; *A. L. Hutchins,* Chancellor; affirmed.

### STATEMENT OF FACTS.

E. M. Bacharach and L. K. Grauman brought this suit against Ed Spriggs, as administrator with the will annexed of the estate of W. L. Scott, deceased, Laura Walton, Charlotte Tyler and Ruby Lee Scott, for the purpose of obtaining specific performance of a contract for the sale of real estate situated in the city of Helena, Phillips County, Arkansas. The defendants, Laura Walton, Charlotte Tyler and Ruby Lee Scott, filed an answer, in which they asserted title in themselves, and, by way of cross-complaint, asked to cancel and set aside a deed of conveyance from Ed Spriggs, administrator as aforesaid, to the plaintiffs in the suit.

The record shows that W. L. Scott died testate in the State of Colorado, and, at the time of his death, owned certain real estate in the city of Helena, Phillips County, Arkansas. Under § 4 of his will, his property in the city of Helena, in Phillips County, Arkansas, is specifically described, and the section concludes as follows: "It is my will that all of this property be sold to the best advantage, and that my beloved wife, Ruby Lee Scott, have one-third of the net proceeds in money, and that my sister, Charlotte Tyler, have one-third of the net proceeds in money, and that my stepdaughter, Laura Walton, have one-third of the net proceeds in money." The fifth clause of the will is as follows: "I hereby make, constitute and appoint my beloved wife my executrix in this my last will and testament, and authorize her to act in the same without having to give any bond."

Ruby Lee Scott was the wife, Laura Walton the daughter, and Charlotte Tyler, the sister, of W. L. Scott, deceased. Ruby Lee Scott, his widow, qualified as executrix under the will in the State of Colorado, and is still acting as such executrix. Subsequently to the filing of this suit, Ruby Lee Scott and Charlotte Tyler, for a valuable consideration, conveyed their interests in the Helena property to George Walton, husband of Laura Walton.

Ed Spriggs was appointed administrator with the will annexed of said estate by the probate court of Phillips County, Arkansas, and duly qualified as such administrator. He entered into a written contract, as such administrator, with E. M. Bacharach and L. K. Grauman, whereby he gave them an option to purchase the Helena property in question for the sum of $4,000, and they paid him the sum of $50. Subsequently, within the life of the option, Bacharach and Grauman demanded a deed in accordance with the terms of their optional contract, and, upon the refusal of Spriggs to execute the deed, they brought this suit against him and the devisees under the will for specific performance of the optional contract. When they demanded the deed, they tendered

the balance of the purchase price, as provided in the optional contract. Subsequently Ed Spriggs, as such administrator, executed a deed to the plaintiffs to said property. The facts above stated were established by evidence, as well as admitted by the pleadings.

E. M. Bacharach was the principal witness for himself. According to his testimony, the conditions and terms specified in the optional contract signed by Ed Spriggs, as administrator with the will annexed of the estate of W. L. Scott, deceased, were agreed to by Ruby Lee Scott over the telephone. Bacharach also knew that A. M. Coates, an attorney, who represented Spriggs, as administrator, had a power of attorney from Charlotte Tyler, authorizing him to sell and convey her interest in said property. His testimony was corroborated by that of Ed Spriggs. Spriggs also testified that he had a letter from Ruby Lee Scott authorizing him to sell the property on the terms stated in the contract. Spriggs also saw a letter from Laura Walton to Ruby Lee Scott, stating that she would accept the offer as set forth in the optional contract. A. M. Coates testified that he agreed to the contract for Charlotte Tyler, and knew that the contract was satisfactory to Ruby Lee Scott, for the reason that she came to his office many times and signified her willingness to sell the property to Bacharach and Grauman for $4,000. Laura Walton lived in Denver, Colorado, and denied writing a letter to Ruby Lee Scott giving her consent to the sale of the property. After the present suit was brought, her husband, George Walton, bought the undivided interest of Ruby Lee Scott and Charlotte Tyler. Ruby Lee Scott testified that she never told Ed Spriggs unconditionally that she would sell her interest in the property. She testified that she told him that she would sell her interest provided Laura Walton would sign the deed. She admitted visiting Coates' office and asking for her part of the money, but she did this upon the condition that Laura Walton would sign the deed. Other facts will be stated or referred to in the opinion.

The chancellor found that the defendant, Ed Spriggs, neither as administrator with the will annexed, nor as agent, nor as attorney in fact for the defendants, Ruby Lee Scott, Charlotte Tyler and Laura Walton, had the authority to bind said defendants by the optional contract entered into by him as such administrator with E. M. Bacharach and L. K. Grauman. It was therefore decreed that the complaint of the plaintiffs be dismissed for want of equity, and that the warranty deed executed by Ed Spriggs, as administrator with the will annexed of the estate of W. L. Scott, deceased, to E. M. Bacharach and L. K. Grauman, be canceled and set aside.

To reverse that decree the plaintiffs have duly prosecuted an appeal to this court.

*W. G. Dinning,* for appellant.

*Moore, Walker & Moore,* for appellee.

HART, C. J., (after stating the facts). The record shows that W. L. Scott died testate in the State of Colorado, owning property in the city of Helena, in Phillips County, Arkansas. By the terms of his will he directed that this property be sold to the best advantage and the net proceeds be divided equally between his wife,. Ruby Lee Scott, his daughter, Laura Walton, and his sister, Charlotte Tyler. No one was appointed by the terms of the will to make the sale, but the fifth clause of the will appointed his wife as executrix and authorized her to act without giving any bond.

An executor derives his powers from the will, and, if it authorizes him to sell lands, he may do so without the order of any court. *Ludlow* v. *Flournoy,* 34 Ark. 451. In *Heiseman* v. *Lowenstein,* 113 Ark. 404, 169 S. W. 224, Am. Cas. 1916C, 601, it was held that no particular form of words is necessary to create a power to sell in the will, and that, if the executor is directed by will or bound by law to see to the application of the proceeds of the sale, then such power of sale is conferred on the executor by implication. In a case-note to 32 L. R. A. (N. S.), at page 679, it is said that an executor named in a will which

either expressly or impliedly directs real estate to be sold, and the proceeds distributed in a certain manner, by necessary implication has power to sell and convey the real estate without express powers having been conferred. Numerous cases from numerous State courts of last resort are cited which support the text. To the same effect see 24 C. J., page 157, § 637 (b); and 11 R. C. L., page 398, § 480.

In the application of this principle of law to the facts presented by the record, it may be stated that Ruby Lee Scott, as executrix of the last will of W. L. Scott, deceased, alone had the authority to sell the property in question and distribute the proceeds as directed by her testator in his will.

But it is insisted that she qualified and was acting as executrix under the will in the State of Colorado, and could not sell property situated in the State of Arkansas. In *Apperson* v. *Bolton*, 29 Ark. 418, this court expressly held to the contrary, as will appear from the following quotation: "Wade H. Bolton, by his will, appointed Apperson his executor, and empowered him to sell his real estate in Tennessee or in other States. When the will was properly probated in Tennessee and letters granted to him, the will was his authority to sell land there, and not his letters; they were merely evidence of his authority to execute the power conferred upon him by the will, but he could not sell Arkansas land by the power conferred upon him by the will until the will was admitted to probate in this State under our laws, and, when so admitted to probate and recorded, it was not necessary for him to take out letters here in order to sell the Arkansas land."

Counsel for the plaintiffs contend that this case is not applicable because in that case no administrator with the will annexed was appointed and qualified under the laws of the State of Arkansas, and that for this reason it was held that the executor in Tennessee had the authority to convey the title. It is plainly apparent from

the authorities above cited that such is not the case. The authority to sell, as we have already seen, arises by necessary implication. In 11 R. C. L., page 405, § 490, it is said that an executor appointed in one State has no authority, as such, to make a sale of land in another State, but may do so in virtue of a power given in the will, and in so doing he acts as donee of a power and not under an authority conferred by the probate court. *Newton* v. *Bronson*, 13 N. Y. 587, 67 Am. Dec. 89, is cited to support the text.

Hence it is apparent that, if the executrix named in the will had refused to carry out the power of sale conferred by implication upon her by the terms of the will, the administrator with the will annexed in the State of Arkansas could not have sold the land without an order of the probate court, and, as a necessary consequence, could not have made a binding executory contract for the sale of it. The record not only shows that the executrix under the will, appointed by its terms, did not refuse to execute the power to sell, but, on the contrary, did exercise it by selling her own interest and causing another of the devisees to sell her interest to the husband of the third devisee, who had agreed to the sale and who did not wish her interest in the property sold. Under these circumstances the chancellor properly held that the complaint of the plaintiffs should be dismissed for want of equity.

But it is insisted by counsel for the plaintiffs that the chancery court erred in granting relief to the defendants on their cross-complaint. This contention is based upon the fact that plaintiffs had asked for their complaint to be dismissed before a trial of the case. This was not done, however, until the plaintiffs had secured a deed to the property in controversy from Ed Spriggs, as administrator with the will annexed of the estate of W. L. Scott, deceased. This deed cast a cloud upon the title of the defendants, and the court properly retained jurisdiction of the case in order to cancel this deed, if, under

the facts established, it should be warranted in so doing. The court properly held that this deed was a cloud upon the defendants' title, and should be canceled. It is true that Ruby Lee Scott and Charlotte Tyler conveyed their interest in the property to George Walton, the husband of Laura Walton, but they executed a warranty deed to him, and, for this reason, had a right to proceed with the suit. This sale and conveyance was made pursuant to an agreement with Laura Walton, who wished to retain her interest in the property, and who did so in lieu of receiving one-third of the proceeds derived from the sale of it. Hence, in any event, she would have had a right to have the administrator's deed from Spriggs to the plaintiffs set aside; and, if set aside at her instance, it would inure to the benefit of her codefendants, and the plaintiffs, having failed in their suit, could not be prejudiced by this action of the court. Therefore the decree will be affirmed.