Wayne RICHARDS *v.* STATE of Arkansas

CR 82-162                                    650 S.W.2d 566

Supreme Court of Arkansas
Opinion delivered May 16, 1983

*Lessenberry & Carpenter,* by: *Thomas M. Carpenter,* for appellant.

*Steve Clark,* Atty. Gen., by: *Leslie M. Powell,* Asst. Atty. Gen., for appellee.

RICHARD B. ADKISSON, Chief Justice. Appellant, Wayne Richards, was convicted by a jury of first degree murder and was sentenced by the Hempstead County Circuit Court to 40

years in the Arkansas Department of Correction. On appeal we affirm.

About 7:00 p.m. on January 6, 1982, the victim's body was found on the freeway in Hempstead County a few miles outside of Prescott. The facts leading up to the murder are as follows: Appellant and the victim, who was female, had been seen in Texarkana by a pawnshop owner who testified that appellant and the victim had both come into his shop on December 30; that on January 6, the victim had returned without appellant; and that on the latter occasion he noticed that she had black eyes and bruises on her face. Appellant told the police that he and the victim had left Texarkana on January 6, 1982, traveling east on I-30. According to appellant's statement, they got into a fight, he hit her, and she jumped out of the car. Appellant stated that he was going about 40 m.p.h. when she jumped but that he did not stop the car until he got off the freeway at the next exit. He then stopped at a service station and asked that the police be called.

The testimony of the medical examiner who examined the victim's body did not substantiate appellant's story. He stated that the victim had actually died from manual strangulation associated with blunt trauma to the head and face. He also testified that the victim's body had been run over, after death, by a heavy vehicle.

Appellant first argues that the trial court erred in not dismissing the case for lack of jurisdiction because it is unclear where the crime was committed. Ark. Stat. Ann. § 43-1408 (Repl. 1977) provides:

> Territorial jurisdiction of circuit and justices' courts. — The local jurisdiction of circuit courts and justices' courts, shall be of offenses committed within the respective counties in which they are held.

And, Ark. Stat. Ann. § 41-110 (2) (Repl. 1977) provides:

> The state is not required to prove jurisdiction or venue unless evidence is admitted that affirmatively shows that the court lacks jurisdiction or venue.

We stated in *Gardner* v. *State,* 263 Ark. 739, 569 S.W.2d 74 (1978) that before the State is called upon to offer evidence on the question of jurisdiction, there must be positive evidence that the offense occurred outside the jurisdiction of the court. Appellant alleges that the medical examiner's testimony that the victim's body had been run over by a heavy vehicle after death established that she was killed elsewhere and this constituted the necessary affirmative evidence that Hempstead County did not have jurisdiction. We cannot agree with this contention. The fact that the victim may have been dead when her body left the car is not affirmative evidence that she was killed in any particular place.

Appellant argues that the trial court erred in refusing to allow his brother to testify as to appellant's medical history as a part of his insanity defense. During direct examination the brother was asked about certain medication appellant allegedly took as a child, but after the prosecution objected, the court refused to allow him to answer. We cannot say that this ruling was reversible error because a proffer was never made as to what the brother's testimony would have been concerning the medication.

There are no reversible errors.

Affirmed.