Doyle D. HOLT *v.* STATE of Arkansas

CR 83-114                                                      662 S.W.2d 822

Supreme Court of Arkansas
Opinion delivered January 16, 1984

*Lessenberry & Carpenter,* by: *Thomas M. Carpenter,* for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Dep. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. This is an appeal from the decision of the Sebastian County Circuit Court's refusal to grant appellant's petition for Rule 37 relief. We find no prejudicial error in the record.

Appellant timely filed a petition for relief pursuant to A.R.Cr.P. 37.1 in which he alleged the trial court failed to ascertain a factual basis for appellant's guilty plea. He also alleged that the court was without subject matter jurisdiction to sentence him for offenses which did not occur in the State of Arkansas and that trial counsel was ineffective in defending him.

The trial court denied appellant's petition without a hearing. The record reveals the trial court considered matters discussed at the plea and sentencing hearing and also matters discussed at an earlier pre-trial hearing.

The record reveals the trial court informed appellant of the nature of each charge, of the minimum and maximum sentences possible, that a guilty plea terminated his right to a jury trial, and of other consequences of his plea. The appellant affirmatively acknowledged he understood all the ramifications of his guilty plea. The record of the sentencing proceeding does not show that the state proved the crimes were committed in Arkansas. The information alleges the crimes were committed in the Greenwood District of Sebastian County, Arkansas.

The record clearly reveals appellant was aware of the

nature of the offenses charged and of the possible penalties. He stated he understood all the consequences of a guilty plea. A collateral attack on a guilty plea does not reach the merits of a claim of deprivation of constitutional rights prior to entry of the plea. *Horn* v. *State,* 254 Ark. 651, 495 S.W.2d 152 (1973). If the plea was intelligently and voluntarily entered and was not the result of ineffective assistance of counsel, it is final and binding unless the trial court lacked jurisdiction. *Irons* v. *State,* 267 Ark. 469, 591 S.W.2d 650 (1980).

The only serious question presented in this appeal is that of jurisdiction. Without jurisdiction the judgments would be void and therefore subject to collateral attack even beyond the three year limit on other Rule 37 petitions. However, conclusory allegations are insufficient to place the matter in issue. *Bosnick* v. *State,* 275 Ark. 52, 627 S.W.2d 23 (1982). The facts clearly establish that the offenses of possession of a prohibited weapon and felon in possession of a firearm occurred in appellant's home in Arkansas at the time of his arrest by officers in Sebastian County, Arkansas. The information filed on the rape and carnal abuse charges alleged the offenses occurred in the Greenwood District of Sebastian County, Arkansas. Neither the abstract nor the brief filed in this appeal states the offenses occurred in any other jurisdiction. The allegation and argument simply state the court was without subject matter jurisdiction. In view of Ark. Stat. Ann. § 41-110 (2) (Repl. 1977) and our opinion in the case of *Richards* v. *State,* 279 Ark. 219, 650 S.W.2d 566 (1983) the state is presumed to have jurisdiction unless evidence is admitted affirmatively showing lack of jurisdiction or venue.

The record refutes the allegation of lack of a factual basis for acceptance of the guilty plea as well as the claim of lack of jurisdiction in the trial court. There is no allegation abstracted indicating that the rape and carnal abuse occurred outside Arkansas. Since the information alleged the offenses occurred in Arkansas, trial counsel had no duty to challenge the jurisdiction of the court unless he had knowledge to the contrary. It is not alleged that trial counsel possessed such knowledge. We find nothing before us which

overcomes the presumption of competency of trial counsel. *Blackmon v. State,* 274 Ark. 202, 623 S.W.2d 184 (1981).

Affirmed.