James Calvin CAGE, Jr. *v.* STATE of Arkansas

CR 84-139                                  686 S.W.2d 439

Supreme Court of Arkansas
Opinion delivered April 1, 1985

*Ken Cook,* for appellant.

*Steve Clark,* Att'y Gen., by: *Clint E. Miller,* Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The question in this case is whether the confession of the appellant, Cage, should have been suppressed because it was induced by a promise made by police officers. After hearing evidence from Cage and from the police officers who arrested and interrogated Cage,

the judge admitted the confession into evidence. A jury returned a verdict of guilty, and Cage was sentenced to serve forty years in prison for rape. Our jurisdiction is based on Arkansas Supreme Court and Court of Appeals Rule 29. 1. b.

At a hearing on his motion to suppress, Cage testified that Officer Presley had promised him "mental help" if he would sign a confession; that if he did so he could probably be out of a mental institution in three or four years and otherwise they could put him away for fifty to one hundred years and he would never see West Memphis again.

At the same hearing, Presley testified that Cage had initiated discussions of his needing help because he, Cage, did not know why he had committed the crime. Presley testified he agreed with Cage, that he needed help, but Presley clearly testified that no promises were made. Similar testimony was given by Officer Sudburry who also said no promise was made to Cage.

When involuntariness of a confession is alleged, we make an independent review of all the circumstances surrounding the confession. *Davis* v. *State,* 275 Ark. 264, 630 S.W.2d 1 (1982). We determine whether the record shows the will of the accused was somehow overcome at the time he confessed. *Dewein* v. *State,* 114 Ark. 472, 170 S.W. 582 (1914).

The factors we consider are set out in *Cessor* v. *State,* 282 Ark. 330, 668 S.W.2d 525 (1984); *Perkins* v. *State,* 258 Ark. 201, 523 S.W.2d 191 (1975). See also *Schneckloth* v. *Bustamonte,* 412 U.S. 218 (1973). The appellant here was thirty-four years old. He was literate and had gone through the twelfth grade in school. He was advised of his rights before confessing and before the conversation about "mental help" occurred, and he acknowledged his understanding of his rights. Before confessing, the appellant was detained about one and a half hours, during which time he was questioned intermittently and he was allowed to phone his father twice.

Cage's testimony conflicted with that of Presley and Sudburry as to whether or not there was a promise and as to

his allegation that Presley used profanity toward him. His allegation of the latter did not amount to what we might call undue mental pressure. No physical abuse was alleged. With respect to the conflict in testimony as to whether a promise was made, the trial court obviously resolved it against the appellant, and we have been given no substantial reason to say the trial court was wrong. *Fleming* v. *State*, 284 Ark. 307, 681 S.W.2d 390 (1984); *Fuller* v. *State*, 278 Ark. 450, 646 S.W.2d 700 (1983).

Affirmed.