Jerry Don GLISSON and Billy Joe GLISSON *v.* STATE of Arkansas

CR 84-225 692 S.W.2d 227

Supreme Court of Arkansas
Opinion delivered June 24, 1985
[Supplemental Opinion on Denial of Rehearing September 9, 1985.*]

---

* Purtle, J., not participating.

*Edward T. Barry* and *Scott Davidson*, for appellant.

No brief for the State.

DAVID NEWBERN, Justice. The appellants, Jerry Don and Billy Joe Glisson, who are brothers, were each charged by information with kidnapping, aggravated robbery, battery in the first degree, and theft of property. They were tried together. The appellants were accused of abducting Robert Mooney in Monette, Arkansas, and of beating Mr. Mooney, stealing his wallet and his car, driving him to Kennett, Missouri, and abandoning him there. At the trial, the appellants maintained that Mooney accompanied them of his own volition, and that Mooney's severe injuries were the self-inflicted results of a series of falls.

The jury returned a verdict of guilty as to aggravated robbery against both appellants. They were each sentenced to ten years imprisonment.

We have the benefit of only the appellants' brief because we granted the appellants' motion to suppress the appellee's brief. The appellants' brief was tendered March 12, 1985. The appellee's brief was due April 11, 1985, but the appellee was given an extension by the clerk until April 18, 1985. On April 18, 1985, the appellee sought another extension which was granted until April 25, 1985. On April 29, 1985, the appellee had tendered no brief. The appellants moved to suppress, and we granted the appellants' motion to suppress on May 28, 1985. On June 3, 1985, the appellee tendered a brief with a motion that we reconsider our suppression order. The clerk correctly refused to file the appellee's brief.

The appellants raise five points for reversal. First, they allege error when the trial court admitted into evidence certain in-custody statements made by Jerry Don after he had requested counsel. The second and third points deal with the appellants' assertion that the trial court was without jurisdiction to hear the case. Fourth, they contend that by rendering a guilty verdict as to aggravated robbery, while acquitting on the theft charges, the jury reached impermissibly inconsistent verdicts. Fifth, the appellants challenge the sufficiency of the evidence. The argu-

ments entail a review and interpretation of Ark. Stat. Ann. §§ 41-105 and 41-110 (Repl. 1977). Thus our jurisdiction arises under Arkansas Supreme Court and Court of Appeals Rule 29. 1. c.

We find no error with respect to Billy Joe Glisson's conviction. We, however, must reverse the conviction of Jerry Don Glisson because of the impropriety of continuing police interrogation after he had asked for and not received the assistance of counsel.

## 1. Admissibility of In-custody Statements

The testimony of police officers reveals the following: After the appellants were discovered on a convenience store parking lot in Kennett, Missouri, with Mr. Mooney's then inoperable automobile and with blood on themselves and on the car, the police took them to the station for questioning about some mailboxes which had been run over in a nearby section of town. The appellants were advised of their constitutional rights and they were questioned separately regarding the blood and mailboxes. At some point, Jerry Don told Officer Jefferson he would not talk further until he had seen an attorney. The questioning of him stopped at that point.

Shortly thereafter Mooney was discovered near a house in Kennett bleeding badly and complaining of having been beaten by some men who took his car. The officers then resumed questioning of Jerry Don without additional warnings. Both Jerry Don and Billy Joe refused to sign waiver of rights forms.

The next afternoon, another officer questioned Jerry Don regarding Mr. Mooney. This questioning, with Officer Jefferson present for at least a part of it, was initiated by the police, but was prefaced by another constitutional rights warning.

The trial court, apparently relying on *Davis* v. *State*, 243 Ark. 157, 419 S.W.2d 125 (1967), excluded the statement made by Jerry Don at the second questioning, but allowed the statement made the next day on the basis of their having been made after the request for counsel but after a second constitutional warning.

In *Miranda* v. *Arizona*, 384 U.S. 436 (1966), the United States Supreme Court said if the accused requests counsel the questioning must cease until an attorney is present. In *Edwards* v. *Arizona*, 451 U.S. 477 (1981), a case similar to this

one, the court made it clear that a mere repetition of the statement of rights, also required by the *Miranda* case, will not erase the prior, unfulfilled request for counsel. The court stated:

> " . . . we now hold that when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights. We further hold, that an accused, . . . having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him. . . ." [451 U.S. at 484-485]

We have adhered to that standard. *Hendrickson* v. *State*, 285 Ark. 462, 688 S.W.2d 295 (1985).

The latter statements made by Jerry Don while in custody should not have been admitted, thus his conviction must be reversed.

## 2. and 3. Jurisdiction of the Trial Court

The appellants allege that all the elements of the crime took place in Missouri and thus the Arkansas courts have no jurisdiction. Along with this argument, they claim the state is required by Ark. Stat. Ann. § 41-110(1)(b) (Repl. 1977) to prove the jurisdiction of the court. That is correct, but the second subsection of the statute provides:

> The state is not required to prove jurisdiction or venue unless evidence is admitted that affirmatively shows that the court lacks jurisdiction or venue.

The court below found that no such affirmative showing had been made. The state is presumed to have jurisdiction. *Holt* v. *State*, 281 Ark. 210, 662 S.W.2d 822 (1984). Further, as was stated in *Gardener* v. *State*, 263 Ark. 739, 569 S.W.2d 74 (1978):

> It is not essential to a prosecution in this state that all the elements of the crime charged take place in Arkansas. It has been said that it is generally accepted that if the requisite elements of the crime are committed in different

jurisdictions, any state in which an essential part of the crime is committed may take jurisdiction. [263 Ark. at 748, 569 S.W.2d at 78]

There was evidence before the trial court, particularly the testimony of the victim, that the beating took place, at least in part, in Monette, Arkansas, and that the car and money were taken in Arkansas. Therefore, even if there had been an affirmative showing of lack of jurisdiction, the state's proof here was sufficient to overcome it.

### 4. Inconsistent Verdicts

■ "A person commits robbery if with the purpose of committing a theft or resisting apprehension immediately thereafter, . . . he employs or threatens to employ physical force upon another." Ark. Stat. Ann. § 41-2103 (Repl. 1977). The appellants contend that because they and others testified they were in possession of Mooney's car, and some testimony showed they were in possession of Mooney's money, the jury must have acquitted them because they lacked the intent to commit theft of these items. If that were the jury's rationale, then, say the appellants, they could not possibly be guilty of robbery.

While the argument is clever, it is not convincing, and no case is cited in which a court has adopted it. Instead, the appellants cite cases such as *Wilson v. State*, 277 Ark. 219, 640 S.W.2d 440 (1982), holding that one may not be convicted of both an offense and an "underlying offense," *e.g.*, capital felony murder and the aggravated robbery which constituted the felony during which the homicide occurred. Those cases simply do not apply here.

■ While the appellants' stories conceded they were in possession of Mooney's car, they did not concede having taken his money. Speculation might be that the jury found they had no intent to steal the car but intended to take the money and that the evidence of the money being in their possession was too weak to sustain a conviction of theft. Thus we are not persuaded by the argument that the jury necessarily found no intent to commit theft.

### 5. *Sufficiency of the Evidence*

 Finally, the appellants claim there was insufficient evidence to sustain their conviction. We will affirm the verdicts if there is any substantial evidence to support them. *Breault* v. *State*, 280 Ark. 372, 659 S.W.2d 176 (1983). There was ample evidence before the jury to enable them to reach their decision "without having to resort to speculation or conjecture." *See Heard* v. *State*, 284 Ark. 457, 683 S.W.2d 232 (1985).

The factual circumstances surrounding the arrest of the appellants, the testimony of the victim, and the testimony of other witnesses, including medical testimony as to the nature of the injuries of the victim, were sufficient to support the verdicts.

Because of the violation of Jerry Don Glisson's right to counsel during interrogation, we reverse his conviction. We affirm the conviction of Billy Joe Glisson.

GEORGE ROSE SMITH, Justice, not participating.

Supplemental Opinion on Denial of Rehearing
September 9, 1985

695 S.W.2d 121

DAVID NEWBERN, Justice. In their petition for rehearing, the appellants have correctly pointed out that we did not discuss their argument that their statements to the authorities should have been suppressed because the appellants were intoxicated when the statements were given.

The appellants contend they were convicted, at least in part, because of statements they made when questioned about their possession of Robert Mooney's car and the manner in which blood came to be upon themselves and in the car. Jerry, for example, said he had gotten the blood on him while "cutting hogs" earlier in the day. Billy said he had been in a fight with a hitchhiker on a gravel road and had borrowed the car from "a friend."

Their contention is that they made these statements while they were intoxicated, and thus the statements should not have been admitted into evidence. They contend the statements were prejudicial because they were absurd and should have been suppressed because they were "the ravings of a pair of mouths who were too drunk to know, or care, what they said."

■ When an accused has made a confession we conduct an independent review of the circumstances in which it was made. *Davis* v. *North Carolina*, 384 U.S. 737 (1966); *Harris* v. *State*, 244 Ark. 314, 425 S.W.2d 293 (1968). The same treatment has been applied where an accused made a statement we character-ized as an "admission." *Spillers* v. *State*, 272 Ark. 212, 613 S.W.2d 387 (1981). Here, however, we have neither confessions nor admissions. Rather, we are asked to say the court erred in refusing to suppress statements which were apparently intended to be self-serving when they were made. Clearly we need not independently inquire into all the circumstances as we would if it were contended that law enforcement officials had somehow overcome the will of the appellants during questioning. *See Cage* v. *State*, 285 Ark. 343, 686 S.W.2d 439 (1985); *Dewein* v. *State*, 114 Ark. 472, 170 S.W. 582 (1914).

■ The trial court admitted the statements after conflict-ing testimony as to the condition of the appellants. In such a case,

the issue before the trial judge should be whether the statements are relevant and then whether they should be excluded because they are unfairly prejudicial. Ark. Stat. Ann. § 28-1001 (1979), Uniform Rules of Evidence 403. In considering whether the prejudice to the accused is unfair, the court may consider the accused's contention that the statement was a product of his drunkenness and how the case will be affected if the accused is, in effect, required to prove he was drunk when the statement was made.

On appeal, the question will be whether the trial court abused its discretion in admitting the evidence. *Lee* v. *State*, 266 Ark. 870, 587 S.W.2d 78 (1979). In this case, we find no such abuse.

Rehearing denied.

JOHN PURTLE, J., not participating.