William A. GRAHAM *v.* STATE of Arkansas

CA CR 90-152                                    806 S.W.2d 32

Court of Appeals of Arkansas
Division II
Opinion delivered April 3, 1991

*Witt Law Firm*, by: *Ernie Witt*, for appellant.

*Steve Clark*, Att'y Gen., by: *R.B. Friedlander*, Solicitor Gen., for appellee.

JAMES R. COOPER, Judge. The appellant in this criminal case was a Louisiana resident who was appointed executor of his deceased father's Arkansas estate on January 27, 1988. Follow-

ing his appointment as personal representative, the appellant moved the estate's tangible personal property to Louisiana and transferred the liquid assets to Louisiana financial institutions. On May 15, 1989, the appellant filed an accounting with the Arkansas Probate Court. On May 24, 1989, the appellant was removed as executor, was ordered to make a more complete accounting to the court or to his brother acting as substitute executor, and he was ordered to deliver the tangible personal property to his brother, the substitute executor. He did not comply with these orders and was thereafter charged with two counts of theft of property pursuant to Ark. Code Ann. § 5-36-103 (1987). A jury convicted him on both counts, fining him a total of $30,000.00 and sentencing him to twenty years in the Arkansas Department of Correction. From that conviction, comes this appeal.

The appellant advances two arguments on appeal. First, he argues that the trial court erred in failing to grant his motion to dismiss because the appellee failed to prove that the State of Arkansas had jurisdiction over the alleged crimes. Second, he argues that the trial court erred in failing to grant his motion for a mistrial. We do not address the appellant's second argument because our consideration of his first argument leads us to conclude that the case must be reversed and dismissed.

As to the appellant's argument that the State of Arkansas did not have jurisdiction over the alleged crimes, we recognize that the State is presumed to have jurisdiction over the cases it entertains, *Holt* v. *State*, 281 Ark. 210, 662 S.W.2d 882 (1984); *Glisson* v. *State*, 286 Ark. 329, 334, 692 S.W.2d 227 (1985); (*supp. op. on reh'g denied*, 286 Ark. 329, 695 S.W.2d 121 (1985)), and that pursuant to Ark. Code Ann. § 5-1-111(b) (1987), the State is not required to prove jurisdiction unless evidence is admitted which affirmatively shows that the court lacks jurisdiction. In this case we find that the evidence shows that the appellant, acting as executor, transferred liquid assets and personal property from Arkansas to Louisiana. He subsequently removed the money from the Louisiana banks and has apparently retained those funds as well as the personal property. The location of these assets remains unknown. The appellant's retention of the property occurred after he was removed as executor and was done in direct opposition to the Arkansas court order removing him as

executor; however, these acts occurred in Louisiana. This evidence is sufficient to affirmatively show that Arkansas courts did not have jurisdiction over the crimes charged and for this reason, the State was required to prove jurisdiction. *See* Ark. Code Ann. § 5-1-111(a)(2) (1987); *see also Gardner v. State*, 263 Ark. 739, 599 S.W.2d 74 (1978), *cert. denied*, 440 U.S. 911 (1979). It is not essential to a prosecution in Arkansas that all elements of the crime charged take place in Arkansas; jurisdiction can lie in this State if at least one element of the charged offense occurred in Arkansas. *See Gardner, supra*. In this case, the appellant was charged with two violations of Ark. Code Ann. § 5-36-103(a)(1) (1987), which provides:

> A person commits theft of property if he: Knowingly takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in the property of another person, with the purpose of depriving the owner thereof. . . .

The State argued that Arkansas had jurisdiction over the crime maintaining that the appellant exercised unauthorized control over the property in Arkansas. When reviewing the evidence on a jurisdictional question, we need only determine whether there is substantial evidence to support the finding of jurisdiction. *Gardner, supra*. Substantial evidence is evidence which induces the mind to go beyond mere suspicion or conjecture, and is of sufficient force and character to compel a conclusion one way or the other with reasonable certainty. *Dillard* v. *State*, 20 Ark. App. 35, 723 S.W.2d 373 (1973).

In support of its contention that the appellant exercised unauthorized control over the property in Arkansas, the State cites Ark. Code Ann. § 28-49-116 (1987), which provides:

> A personal representative may, and when ordered by the court shall, deposit, as a fiduciary, the funds of the estate in a bank or banks of this state, as a general deposit, either in a checking account or a savings account. . . .

This statute neither specifically authorizes nor prohibits an executor from depositing the funds of an estate in an out-of-State bank. The evidence the State offers as proof of unauthorized control shows only that the appellant deposited the liquid assets of

the estate in two Louisiana financial institutions on February 2, 1988, in the name of the estate after the initial transfer from Arkansas. Under these circumstances, however, we recognize that an executor derives his powers from the will, *Bacharach* v. *Spriggs*, 173 Ark. 250, 292 S.W. 150 (1927); *see also Ludlow* v. *Flournoy*, 34 Ark. 451 (1879), and in this case without benefit of the will, we find that, under the statute alone, the proof does not induce the mind to go beyond mere suspicion or conjecture in order to conclude that the appellant made an unauthorized transfer of the estate's funds to Louisiana.

As to the argument that the trial court had jurisdiction over the theft charge with regard to the personal property, we note that the State does not specifically address this issue; however, we find applicable authority in Ark. Code Ann. § 28-49-101(a) (1987), which provides:

> A personal representative shall have the right to, and shall, take possession of all of the personal property of the estate of the decedent, subject to the rights of dower and statutory allowances of the widow or minor children, if any.

In this case, the evidence regarding the appellant's control over the personal property consisted of the testimony of the complaining witness, who is also the appellant's brother and the newly appointed substitute executor. He testified that most of the items of personal property listed on the estate inventory were no longer in Arkansas as of the date of the trial; that he could not recall any conversations concerning the distribution of the items while the appellant was acting as the executor; and that since his appointment as substitute executor the appellant has failed to comply with a court order to turn over the property. Another of the appellant's brothers testified that he, like the appellant, was a Louisiana resident and that the appellant had asked him to help move the personal property to Louisiana but that he was unable to help. As we have previously noted, the record does not contain a copy of the will which might have restricted the appellant's authority and, in light of the statute specifically granting a personal representative the right to take possession of all of the personal property, we find no substantial evidence to support a finding of jurisdiction for the theft of the personal property as we

see no element of the crime having been committed in Arkansas. We therefore reverse and dismiss.

Reversed and dismissed.

MAYFIELD and ROGERS, JJ., agree.