William L. DEWITT *v.* STATE of Arkansas

CR 91-96                                                    815 S.W.2d 942

Supreme Court of Arkansas
Opinion delivered September 30, 1991

*Paul J. Teufel*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. In this appeal from a rape/incest conviction, the appellant argues the trial court was without jurisdiction and the evidence was insufficient. Neither point is persuasive.

The state filed an information charging appellant, William DeWitt, with two counts of rape and one count of incest. Both rape counts alleged that appellant:

> did on or before the 20th day of November 1988, engage in deviate sexual activity with another person who is less than fourteen years of age, with all acts occurring in Greene County, Arkansas.

The incest count alleged that appellant:

> did on or before the 9th day of November 1989, being sixteen years or older, engage in deviate sexual activity with a person he knows to be a stepchild with all said acts occurring in Greene County, Arkansas.

A jury trial resulted in appellant being convicted of all three counts with a sentence of thirty years on each count of rape and ten years on the count of incest. The two thirty year sentences were ordered to run consecutively and the ten year sentence

concurrently.

Appellant first argues the trial court lacked jurisdiction to try the two rape counts, based on insufficient testimony indicating the exact location of the crimes.

Appellant moved from Louisiana to Greene County, Arkansas, along with his wife and stepdaughter. The record shows that from that time on appellant committed sexual criminal acts with the stepdaughter, who was twelve at the time of this move. Appellant argues that the trial court was without jurisdiction to hear this case, relying on Ark. Code Ann. § 5-1-111 (1987) which provides:

> Burden of proof-Defenses and affirmative defenses-Presumption.
>
> (a)   Except as provided in subsections (b), (c), and (d) of this section, no person may be convicted of an offense unless the following are proved beyond a reasonable doubt:
>
> (1)   Each element of the offense;
> (2)   Jurisdiction;
> (3)   Venue; and
> (4)   The commission of the offense within the time period specified in § 5-1-109.
>
> (b)   The state is not required to prove jurisdiction or venue unless evidence is admitted that affirmatively shows that the court lacks jurisdiction or venue.

We have dealt with this issue before and have found that the requirement of proof of jurisdiction under § 5-1-111(a) is tempered by section (b) of the same statute. We responded recently to the same argument in *Dix v. State*, 290 Ark. 28, 715 S.W.2d 879 (1986):

> The state need not prove jurisdiction however, "unless evidence is admitted that affirmatively shows that the court lacks jurisdiction." § 5-1-111. In *Gardner v. State*, 263 Ark. 739, 569 S.W.2d 74 (1978), cert. den., 440 U.S. 911 (1979), we held that before the state is called upon to offer any evidence on the question of jurisdiction, there must be positive evidence that the offense occurred outside the jurisdiction of the court.

We find in this case that there was not "positive evidence" that the crime occurred outside the jurisdiction of the state, and hence no error.

Appellant cites testimony which he submits is "positive evidence" that the offense occurred outside the jurisdiction of Arkansas. The most that can be said of that evidence is that while it may imply that the first offense occurred during the trip from Louisiana, and hence, before reaching Arkansas, the proof also established that the crime was repeated numerous times after the arrival in Arkansas. The affirmative proof that jurisdiction in Arkansas is lacking is even weaker than in other cases where we found the evidence suggesting lack of jurisdiction to be insufficient. *See Dix* v. *State, supra*; *Richards* v. *State*, 279 Ark. 219, 650 S.W.2d 566 (1983).

Secondly, appellant argues the state failed to prove beyond a reasonable doubt that the two counts of rape occurred before the victim was fourteen years of age.

The charge of rape was based on Ark. Code Ann. § 5-14-103 (1987):

(A) A person commits rape if he engages in sexual intercourse or deviate sexual activity with another person:

* * *

(3) Who is less than fourteen years of age.

Appellant argues the state failed to prove that he committed the two counts of rape when the victim was less than fourteen years old. The argument is a claim that the state failed to prove an element of its case and therefore the information should be dismissed for lack of substantial evidence.

This is a challenge to the sufficiency of the evidence and it has been waived. In a jury trial, the defendant's failure to move for a directed verdict at the conclusion of evidence presented by the prosecution and at the close of the case constitutes a waiver of any question pertaining to the sufficiency of the evidence to support the jury verdict. Ark. R. Crim. P. 36.21(b); *Starling* v. *State*, 301 Ark. 603, 786 S.W.2d 114 (1990). Appellant made no directed verdict motions, either at the end of the state's case or the

end of all the evidence.

Affirmed.