Vernon Dale TRAVIS *v.* STATE of Arkansas

CR 84-218                                                688 S.W.2d 935

Supreme Court of Arkansas
Opinion delivered May 6, 1985

*Faber D. Jenkins*, for appellant.

*Steve Clark*, Att'y Gen., by: *Connie Griffin*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Travis, was convicted of first degree murder in 1974. On June 8, 1984, he filed with the circuit court a motion to be allowed to withdraw his guilty plea, alleging he was misled by his counsel into thinking he could receive the death penalty if he did not plead guilty. The charge of first degree murder did not carry with it the possibility of a sentence to death. He also alleged the court did not ascertain the voluntariness of his plea as is required by *Boykin* v. *Alabama*, 395 U.S. 238 (1979).

The circuit court refused to allow withdrawal of the guilty plea. In his order the judge mentioned that the motion was untimely, having been filed some nine and one half years after the conviction, and there was no showing of diligence by the movant. The order also recited that the motion accused the court of failure to follow procedural rules which were not in effect when the plea was entered. Lastly the order stated the motion did not support a finding that any manifest injustice had occurred in the case.

■ The appellant has appealed from denial of his motion to set aside his guilty plea. Our jurisdiction rests upon Criminal Procedure Rule 37 as this is the appeal of the denial of a petition for postconviction relief. On appeal, we affirm the trial court's decision to deny a petition for postconviction relief unless the court's findings are clearly against a preponderance of the evidence. *Thomas* v. *State*, 277 Ark. 74, 639 S.W.2d 353 (1982).

■ The motion to withdraw the plea of guilty was filed pursuant to Ark. R. Crim. P. 26.1. That rule permits withdrawal of a guilty plea upon a timely motion. If there is a showing of a manifest injustice, which the rules say may result from ineffective assistance of counsel, the motion is timely if it is made with "due diligence." However, our cases have held clearly that a motion to withdraw a guilty plea pursuant to Rule 26.1 must, in any event, be made before sentencing. *Rawls* v. *State*, 264 Ark. 954, 581 S.W.2d 311 (1979); *Shipman* v. *State*, 261 Ark. 559, 550 S.W.2d 424 (1977).

■ The appellant's motion could have been considered in the trial court pursuant to Rule 37, our rule permitting collateral attacks on convictions. *Walker* v. *State*, 283 Ark. 339, 676 S.W.2d 460 (1984). Rule 37.2 (c), however, states that an attack on a conviction pursuant to Rule 37 must be made within three years from the date of commitment, unless the ground for relief would, if proven, render the conviction "absolutely void." The conviction was obviously not attacked within the three-year period. Nor could the trial court have found the conviction "absolutely void."

■ A ground sufficient to void a conviction must be one so basic that the judgment is a complete nullity, such as a judgment obtained in a court without jurisdiction to try the accused or a judgment obtained in violation of the provisions against double jeopardy. *See Rowe* v. *State*, 275 Ark. 37, 627 S.W.2d 16 (1982). Issues not sufficient to void the conviction are waived even though they are of constitutional dimension. *Hulsey* v. *State*, 268 Ark. 312, 595 S.W.2d 934 (1980). The burden is on the petitioner to demonstrate that the judgment entered was a nullity. *See Cronic* v. *State*, ___ U.S. ___, 104 S. Ct. 2039 (1984). The presumption that a criminal judgment is final is at its strongest in collateral attacks on the judgment. *Strickland* v. *Washington*, ___ U.S. ___, 104 S. Ct. 2052 (1984). Petitioner here has not overcome that

presumption. Petitioner's allegations which come to us more than nine years after his counseled plea of guilty was entered in open court do not establish that his conviction was in any way unreliable. Clearly, he has not established that the judgment in his case was absolutely void.

■ The trial, the direct appeal of the judgment and the safeguards afforded by our postconviction rule give the defendant ample opportunity to be heard. Our three year limitation for raising claims under Rule 37 protects the rights of the accused while respecting the legitimate interest of society in the finality of criminal judgments. At some point we are entitled to presume that the convicted defendant has exhausted his state remedies and stands fairly and finally convicted. *See United States* v. *Frady*, 456 U.S. 152 (1982). The need for stability of judgments in criminal cases requires that the petitioner raise whatever issues he may desire to raise within the reasonable time set by our procedural rules. As petitioner failed to raise the issues in his petition within the three-year period allowed for asserting such claims and advanced no ground sufficient to render his judgment of conviction absolutely void, he was not entitled to postconviction relief.

Affirmed.