Charles W. LOCKLEAR *v.* STATE of Arkansas

CR 86-121                                        721 S.W.2d 668

Supreme Court of Arkansas
Opinion delivered December 22, 1986

*Bob Remet*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Based on his plea of guilty, the appellant was convicted of capital murder and committed to the Arkansas Department of Correction on February 21, 1977, with a sentence to imprisonment for life without parole. The judgment of conviction was entered February 21, 1979, and filed May 9, 1979.

The appellant, on March 14, 1985, filed a petition pursuant to Arkansas Supreme Court and Court of Appeals Rule 37 asking that he be allowed to withdraw his plea of guilty. The trial court found that the petition was untimely because it was filed more than three years from the date of commitment and was thus barred by Ark. R. Crim. P. 37.2(c).

The petition raised the issue of ineffective assistance of counsel. The appellant contended he had been advised to plead guilty despite having been denied a speedy trial.

The appellant has raised no issue which, if found in his favor, would make his conviction absolutely void. The exception to the three year requirement of Rule 37.2(c) which we discussed in *Travis* v. *State*, 286 Ark. 26, 688 S.W.2d 935 (1985), thus does not apply. The trial court was correct in denying the petition as untimely.

The only issue raised in the appellant's brief on this appeal is whether the trial court sufficiently advised him when his guilty plea was accepted. That issue was not raised in the Rule 37 petition. That is an additional ground for affirmance. This court does not address alleged errors which the trial court was not given an opportunity to correct in the proceeding from which an appeal has been taken. *See Boone* v. *State*, 282 Ark. 274, 668 S.W.2d 17 (1984); *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980). If we were to reach the merits of the appeal, the record clearly shows the trial court advised the appellant fully and in complete compliance with Ark. R. Crim P. 24.4 through 24.6.

Affirmed.