Harlis Angelo BROWN *v.* STATE of Arkansas

CR 86-94                                    722 S.W.2d 845

Supreme Court of Arkansas
Opinion delivered February 2, 1987
[Rehearing denied March 16, 1987.]

*Gregory E. Bryant*, for appellant.

*Steve Clark*, Att'y Gen., by: *William F. Knight*, Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. The trial court denied appellant's petition for Rule 37 relief without a hearing. The court made written findings of fact and conclusions of law which stated that the court had examined the docket entries and found no indication that petitioner's guilty plea was not voluntarily and intelligently made. The court also found that the petitioner had alleged no facts which would support his motion that he was entitled to a transcript at public expense. Proceeding under Arkansas Rules of Criminal Procedure Rule 37.3(a), the court held that the petitioner was not entitled to any relief.

The appellant contends the trial court erred in refusing to hold an evidentiary hearing on his Rule 37 petition, which alleged that he was denied effective assistance of counsel and that his guilty plea was coerced by his appointed counsel threatening to "walk out on him" if the plea was not entered. For the reasons stated below we hold that the appellant is not entitled to a hearing on his Rule 37 petition, even though the trial court's ruling denying the petition was erroneous at the time it was issued.

The original sentences were the result of acts of burglary and theft of property growing out of the same incident. A guilty plea to both charges was entered on October 29, 1984, and the

appellant received sentences of 15 years and 10 years, respectively, the terms to run concurrently. The petition for postconviction relief under Rule 37 was filed on November 7, 1985. The petition contained several conclusory allegations which were obviously groundless. The specific allegation of lack of effective assistance of counsel stated: "Petitioner's attorney was ineffective to assist him because he threaten[ed] to walk out on petitioner if he didn't plead guilty."

We first consider the findings of fact and conclusions of law entered by the trial court at the time the petition was denied without an evidentiary hearing. The trial court apparently considered only the docket sheet in making its decision to deny the petition. The only two docket entries recited in the order were:

> 3-12-84 Defendant withdrew plea of not guilty—entered plea of guilty. Presentence report ordered.

> 10-8-85 Defendant sentenced to 15 years, Arkansas Department of Correction, Count 1 and 10 years, Arkansas Department of Correction, Count 2—concurrent—credit for jail time. Act 378 denied.

The order of the court denying the petition, after setting out the docket entries, went on to state: "The Court has examined the docket entries in this case, and finds no indication that the guilty plea entered by the defendant was not voluntarily and intelligently made." The order was entered February 3, 1986.

Obviously the recitation of two docket entries showing only that a guilty plea was entered and the length of the sentences imposed is insufficient to satisfy the requirements of A.R.Cr.P. Rule 37.3. Where a petition for Rule 37 relief is filed the court must either: (1) grant a hearing on the petition, or (2) make a determination from the files and records if they conclusively show that the petitioner is entitled to no relief. If the petition is summarily denied without an evidentiary hearing the court must make written findings specifying the parts of the files and records relied upon in denying the petition.

On June 19, 1986, present counsel was appointed and he filed the appellate brief in this Court on August 18, 1986. The state of the record at that time would have demanded reversal because the trial court's order was not in compliance with the requirements of

Rule 37.3. However, on October 13, 1986, we granted the Attorney General's motion to supplement the record with the transcript of the pleas and sentencing. The appellant's brief had been filed in this Court for almost two months when we granted the motion to supplement the record.

■ The record as supplemented was filed in this Court on October 23, 1986. From the entire record before this Court we are able to determine that it conclusively shows that the petition should have been denied. *Rawls* v. *State*, 264 Ark. 954, 581 S.W.2d 311 (1979). However, absent some compelling reason, we will not hereafter grant a motion to supplement the record unless the proposed supplement was considered by the trial court in denying the *Rule 37* petition.

■ In fairness to the appellant we will consider the allegation of ineffective assistance of counsel. The two-part test for challenging the effectiveness of counsel is found in *Strickland* v. *Washington*, 466 U.S. 668 (1984). In *Hill* v. *Lockhart*, 474 U.S. ___, 88 L.Ed. 2d 203 (1985), the United States Supreme Court held that the *Strickland* test applies to challenges to guilty pleas. The first part of the test requires the petitioner to show that counsel's representation was not within the range of competence demanded of attorneys in criminal cases. The second part of the test requires the petitioner to show such prejudice resulting from counsel's errors that there is a reasonable probability that the petitioner would not have pleaded guilty and would have insisted on going to trial.

■ We recognize that an inmate is at a disadvantage in properly framing a petition alleging ineffective assistance of counsel and in an even more difficult position in proving the allegations. Thus it is incumbent on the trial court to look at the entire record and files before making a determination to deny a petition without a hearing. We have closely examined the record of the proceedings at the original sentencing and find that it unequivocally reveals that the appellant is not entitled to relief in this case.

■ A new trial is not automatically mandated by a prima facie showing in the petition that counsel was ineffective. In order to warrant a new trial the allegations and proof must also establish that were it not for counsel's ineffectiveness, the petitioner would not have pleaded guilty. *Strickland* v. *Washing-*

*ton*, supra; *Hill* v. *Lockhart*, supra; *Haywood* v. *State*, 288 Ark. 266, 704 S.W.2d 168 (1986); and *Crockett* v. *State*, 282 Ark. 582, 669 S.W.2d 896 (1984). If the ineffective performance did not affect the outcome of the plea process, or the sentence imposed, the petitioner has not been prejudiced. *Hill* v. *Lockhart*, supra.

The petitioner failed to allege any factual basis demonstrating a reasonable probability that the alleged unprofessional conduct caused the result of the proceedings to be different from what it would have been otherwise. Neither did it allege that he was in fact not guilty of the crimes for which he pled guilty. Clearly the second prong of the *Strickland* test was not met. Therefore, on the basis of the record presently before us, the petition should have been denied.

Affirmed.

HICKMAN, J., concurs.