Donald JEFFERS *v.* STATE of Arkansas

CR 89-216                                    786 S.W.2d 114

Supreme Court of Arkansas
Opinion delivered March 26, 1990

*Sherman and James*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lynley Arnett*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. In 1980, the appellant pleaded guilty to first degree murder and aggravated robbery. The murder occurred in the course of the aggravated robbery. He was sentenced for both offenses. The trial court later set aside the conviction for aggravated robbery, the underlying offense. *See* Ark. Code Ann. § 5-1-110(a)(1) (1987). Appellant now stands convicted only of first degree murder. In a petition for post-conviction relief under A.R.Cr.P. Rule 37, he contends that the trial court, in 1980, failed to establish a factual basis for his plea and failed to establish that his plea was voluntarily or intelligently made. The post-conviction petition was not filed until 1988. The trial court denied relief. We affirm.

Petitions claiming relief pursuant to A.R.Cr.P. Rule 37 must be filed within three (3) years of the date of entry of judgment, unless the ground for relief would render the judgment of conviction absolutely void. A.R.Cr.P. Rule 37.2(c). A ground sufficient to void a judgment of conviction must be one so basic that it renders the judgment a complete nullity, for example, a judgment obtained in a court lacking jurisdiction to try the accused, or a conviction obtained in violation of an accused's rights against double jeopardy. *Travis* v. *State*, 286 Ark. 26, 688

S.W.2d 935 (1985). A trial court's failure to establish a factual basis for a guilty plea is not so basic as to render a judgment of conviction a complete nullity.

Affirmed.

PRICE, J., not participating.