Bruce Lee ROWBOTTOM *v.* STATE of Arkansas

CR 98-005                                    13 S.W.3d 904

Supreme Court of Arkansas
Opinion delivered April 13, 2000

*David S. Clinger*, Judge;

*Appellant*, pro se.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

R OBERT L. BROWN, Justice. The appellant, Bruce Lee Rowbottom, appeals *pro se* from denial of his petition for postconviction relief under Ark. R. Crim. P. 37. He raises multiple issues in support of his petition for a new trial, but none of them has merit. We affirm the order of the trial court.

In 1996, Rowbottom was tried with standby counsel on one count of possession of methamphetamine with intent to deliver, one count of possession of marijuana with intent to deliver, one count of possession of drug paraphernalia, one count of felon-in-possession-of-a-firearm, and one count of simultaneous possession of a controlled substance and firearm. He was convicted on all counts and sentenced to a concurrent term of forty-five years in prison. We affirmed the convictions and the sentence. *Rowbottom v. State*, 327 Ark. 76, .938 S.W.2d 224 (1997). On April 2, 1997, Rowbottom filed the Rule 37 petition which is the subject of this appeal. On the same day, he moved for leave to file an amended and enlarged Rule 37 petition. The trial court denied his motion, and on December 4, 1997, the trial court entered its order denying the petition *in toto* without first conducting a hearing.

■■ Rowbottom first contends in this appeal that the trial court erred in denying him leave to file an amended Rule 37 petition in excess of the ten page limit provided in Ark. R. Crim. P. 37.1(e). He further claims that without fifteen additional pages raising five new issues, as he requested, his constitutional rights were violated. We disagree. Our Rules of Criminal Procedure do allow for the amendment of Rule 37 petitions, but only with leave of the court. Ark. R. Crim. P. 37.2(e). And with regard to expanded page limits, this court has held that limiting Rule 37 petitions to ten pages in length is an entirely reasonable restriction on petitioners for postconviction relief and does not violate their due process rights. See *Washington v. State*, 308 Ark. 322, 823 S.W.2d 900 (1992). In the instant case, the trial court found that Rowbottom failed to set forth any legitimate ground or justification for filing the enlarged petition. Similarly, on appeal, he fails to present us with any cogent reason for why the trial court's finding was clearly erroneous. We affirm the trial court on this point.

On a second procedural point, Rowbottom contends that he was entitled to a hearing before the trial court on his Rule 37 petition and that it was error for the trial court to deny him a hearing. Again, we disagree. Our rules provide on this point:

> If the petition and files and record of the case conclusively show that the petitioner is entitled to no relief, the trial court shall make written findings to that effect, specifying any part of the files, or records that are relied upon to sustain the court's findings.

Ark. R. Crim. P. 37.3(a).

■■ In reliance on this rule, this court has held that a court is not required to conduct an evidentiary hearing if it can conclusively determine from the record that the petitioner's contentions are meritless. *Stewart v. State*, 295 Ark. 48, 746 S.W.2d 58 (1988); *see also Brown v. State*, 291 Ark. 143, 722 S.W.2d 845 (1987) (trial court must look at entire record when denying a petition without a hearing). Here, as will be shown subsequently in this opinion, virtually all of the points raised in the Rule 37 petition are barred from our consideration for failure to raise them before the trial court at the original trial. Hence, the trial court did not err in failing to conduct an evidentiary hearing.

There is one issue, however, that Rowbottom contends is a fundamental claim which he was not required to raise at the original trial in order to preserve it. That is his double-jeopardy claim. Rowbottom is correct on this point. In *Finley v. State*, 295 Ark. 357, 748 S.W.2d 643 (1988), this court held that it was not appropriate to raise trial errors, including constitutional errors, for the first time in a Rule 37 proceeding. At the same time, we acknowledged in *Finley* that issues that are "so fundamental as to void the judgment absolutely," will not be waived by failure to raise them at trial. 295 Ark. at 363, 748 S.W.2d at 647, *citing Howard v. State*, 291 Ark. 633, 727 S.W.2d 830 (1987).

■ Two of our later cases touched on this issue. In *Jeffers v. State*, 301 Ark. 590, 591, 786 S.W.2d 114 (1990), this court explained:

> A ground sufficient to void a judgment of conviction must be one so basic that it renders the judgment a complete nullity, for example, a judgment obtained in a court lacking jurisdiction to try the

accused, or a conviction obtained in violation of an accused's rights against *double jeopardy*. (Emphasis ours.)

Additionally, in *Collins v. State*, 324 Ark. 322, 920 S.W.2d 846 (1996), the issue involved in the Rule 37 petition was denial of a trial by a jury of twelve members. In *Collins*, we noted that we had made an exception to our general rule that errors, including constitutional errors, must be raised before the trial court and on direct appeal. That exception is for errors that are so fundamental as to render the judgment of conviction void and subject to collateral attack. *Citing Finley v. State, supra*; *Hulsey v. State*, 268 Ark. 312, 595 S.W.2d 934 (1980). We concluded that the right to a twelve-member jury was a fundamental right, the violation of which rendered the judgment void and subject to collateral attack.

■ It is true, as the State points out, that in *Oliver v. State*, 323 Ark. 743, 918 S.W.2d 690 (1996) (plurality opinion), we held that denial of counsel is an issue that must be raised on direct appeal to be preserved and not for the first time in a Rule 37 petition. Still and again, we have stated to the contrary regarding trial by jury and double jeopardy. We hold, therefore, that double-jeopardy protection is a fundamental right and that Rowbottom can raise his double-jeopardy claim for the first time in his Rule 37 petition.

We turn next to the question of whether his double-jeopardy rights have been violated. The apposite statute reads:

> (a) When the same conduct of a defendant may establish the commission of more than one (1) offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one (1) offense if:
>
> (1) One offense is included in the other, as defined in subsection (b) of this section....
>
> (b) A defendant may be convicted of one offense included in another offense with which he is charged. An offense is so included if:
>
> (1) It is established by proof of the same or less than all of the elements required to establish the commission of the offense charged....

Ark. Code Ann. § 5-1-110(a)(1) & (b)(1) (Repl. 1997).

The two statutes at issue in the instant case are Ark. Code Ann. § 5-64-401(a)(1)(i) (Supp. 1999) (possession with intent to deliver a controlled substance) and Ark. Code Ann. § 5-74-106 (Repl. 1997) (simultaneous possession of drugs and firearms). Section 5-64-101(a)(1)(i) reads:

> (a) Except as authorized by subchapters 1-6 of this chapter, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver a controlled substance.
>
> (1) Any person who violates this subsection with respect to:
>
> (i) A controlled substance classified in Schedules I or II, which is a narcotic drug or methamphetamine, and by aggregate weight, including adulterants or diluents, is less than twenty-eight grams (28 g.), is guilty of a felony and shall be imprisoned for not less than ten (10) years nor more than forty (40) years, or life, and shall be fined an amount not exceeding twenty-five thousand dollars ($25,000). For all purposes other than disposition, this offense is a Class Y felony.

Ark. Code Ann. § 5-64-401(a)(1)(i) (Supp. 1999). Section 5-74-106 reads:

> (a) No person shall unlawfully commit a felony violation of § 5-64-401 or unlawfully attempt, solicit, or conspire to commit a felony violation of § 5-64-401 while in possession of:
>
> (1) A firearm....

Ark. Code Ann. § 5-74-106(a)(1).

At first blush, it would seem that trial and conviction for these two offenses violates §§ 5-1-110(a)(1) and (b)(1) because possession of a controlled substance with intent to sell is an included offense within simultaneous possession of a controlled substance and a firearm. In a case that is somewhat analogous to the case at hand, we held that a defendant/appellant could not be convicted of both felony murder with aggravated robbery as the underlying felony, and aggravated robbery separately, because such a double conviction violated § 5-1-110(a)(1). *See Ballew v. State*, 298 Ark. 175, 766 S.W.2d 14 (1989).

■ Our analysis, however, does not end with the *Ballew* case. Both the United States Supreme Court and this court have made it

clear that it is the legislature that determines crimes, fixes punishments, and has the authority to impose cumulative punishments for the same conduct. *See Missouri v. Hunter*, 459 U.S. 359 (1983); *Albernaz v. United States*, 450 U.S. 333 (1981); *Sherman v. State*, 326 Ark. 153, 931 S.W.2d 417 (1996). In *Sherman*, we said:

> The United States Supreme Court has stated that legislatures are free under the Double Jeopardy Clause to define crimes and fix punishments, but that courts may not impose more than one punishment for the same offense. *Brown v. Ohio*, 432 U.S. 161 (1977). That Court has further stated that, "Because the substantive power to prescribe crimes and determine punishments is vested with the legislature, ..., the question under the Double Jeopardy Clause whether punishments are multiple is essentially one of legislative intent." *Ohio v. Johnson*, 467 U.S. 493, 499 (1984).

*Sherman*, 326 Ark. at 165, 931 S.W.2d at 424-425.

In *Missouri v. Hunter*, the Court reversed the Missouri Court of Appeals and held that Hunter's double jeopardy rights had not been violated. At trial, Hunter had been convicted and sentenced for both armed criminal action and first-degree robbery. The Missouri Court of Appeals held that armed criminal action and first-degree robbery constituted the same offense under *Blockburger v. United States*, 284 U.S. 299 (1932). The Court reversed after concluding that there was no double jeopardy violation. In reaching this conclusion, the Court stated: "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Id.* at 366.

■ The Court then held:

> Our analysis and reasoning in *Whalen* [*v. United States* 445 U.S. 684 (1980),] and *Albernaz* lead inescapably to the conclusion that simply because two criminal statutes may be construed to proscribe the same conduct under the *Blockburger* test does not mean that the Double Jeopardy Clause precludes the imposition, in a single trial, of cumulative punishments pursuant to those statutes. The rule of statutory construction noted in *Whalen* is not a constitutional rule requiring courts to negate clearly expressed legislative intent. Thus far, we have utilized that rule only to limit a federal court's power to impose convictions and punishments when the

will of Congress is not clear. Here, the Missouri Legislature has made its intent crystal clear. Legislatures, not courts, prescribe the scope of punishments.

Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct under *Blockburger*, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.

*Id.* At 368–369.

■ In the case before us, the issue is whether the General Assembly intended for the two offenses to be separate offenses where the same conduct violates two statutory provisions. *See Moore v. State*, 321 Ark. 249, 903 S.W.2d 154 (1995). Proscription against simultaneous possession of drugs and firearms is found in the Arkansas Criminal Gang, Organization, or Enterprise Act. Act 1002 of 1993. In that Act, the General Assembly stated its reasons for enacting this section was to deter and punish ongoing organized criminal activity and "to provide for penalties that will punish and deter organized ongoing criminal activity." Ark. Code Ann. § 5-74-102; *see also McGhee v. State*, 330 Ark. 38, 954 S.W.2d 206 (1997). But in addition to that, what is most telling is that § 5-74-106 specifically refers to committing a violation of § 5-64-401, while possessing a firearm. The General Assembly has thereby made it clear in our judgment that it wishes to assess an additional penalty for simultaneously possessing controlled substances and a firearm. We hold that there was no double jeopardy violation.

The remaining issues raised by Rowbottom in his Rule 37 petition are:

- Denial of counsel at trial because he did not voluntarily and intelligently waive counsel.
- Failure to suspend trial proceedings for a mental evaluation.
- Ineffective assistance of counsel by standby counsel.
- Failure to charge under the criminal information and to instruct the jury on the essential elements of simultaneous possession of drugs and a firearm under § 5-74-106(a).
- Discovery violation by the prosecution for not disclosing its intention to introduce a vitamin and preservative.

- Erroneous rulings by trial court on admissibility of evidence.
- Improper closing argument by prosecutor.
- Improper use of prior conviction for impeachment.
- Improper use of prior conviction for enhancement of sentence.

▇▇ All of these issues are waived due to Rowbottom's failure to raise them either at trial or on direct appeal. *Mackey v. State*, 286 Ark. 188, 690 S.W.2d 353 (1985). In the case of his contention that he received ineffective assistance of counsel, his abstract of the testimony, objections, and rulings fails to advise this court sufficiently of any deficiency. *See* Ark. Sup. Ct. R. 4-3(b).

Affirmed.

CORBIN, J., not participating.