

SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CR-87-61

| | |
|---|---|
| ROBERT MUNNERLYN<br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | Opinion Delivered September 19, 2013<br><br>PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR POSTCONVICTION RELIEF PURSUANT TO ARKANSAS RULE OF CRIMINAL PROCEDURE 37.1 AND MOTION FOR APPOINTMENT OF COUNSEL [CIRCUIT COURT OF PULASKI COUNTY, 60CR-86-118]<br><br>PETITION DENIED; MOTION MOOT. |

## PER CURIAM

In 1986, in circuit court case 60CR-86-118, petitioner Robert Munnerlyn was found guilty of three felony offenses for which an aggregate sentence of life imprisonment was imposed. This court affirmed. *Munnerlyn v. State*, 293 Ark. 209, 736 S.W.2d 282 (1987).

Now before us is petitioner's petition for leave to proceed in the trial court pursuant to Arkansas Rule of Criminal Procedure 37.1 (1986). He also asks that counsel be appointed to represent him in the Rule 37.1 proceeding.

Rule 37.2(a), as it applies to petitioners with judgments entered before July 1, 1989, which have been affirmed on appeal, requires the petitioner to obtain leave from this court before filing a postconviction petition in the trial court.[1] Rule 37.2(c), as it applies to petitioner, provides that

---

[1]Criminal Procedure Rule 37 was abolished by this court effective July 1, 1989. *In re Abolishment of Rule 37 and the Revision of Rule 36 of the Arkansas Rules of Criminal Procedure*, 299 Ark. App'x 573, 770 S.W.2d 148 (1989). Rule 37 was reinstated in a revised form on January 1, 1991. *In re the Matter of the Reinstatement of Rule 37 of the Arkansas Rules of Criminal Procedure*, 303 Ark.

a petition under the Rule is untimely if not filed within three years of the date of commitment unless the petitioner states some ground for relief which, if found meritorious, would render the judgment of conviction absolutely void, i.e. a complete nullity. *Halfacre v. State*, 2010 Ark. 377 (per curiam); *Travis v. State*, 286 Ark. 26, 688 S.W.2d 935 (1985); *Collins v. State*, 271 Ark. 825, 611 S.W.2d 182 (1981) (per curiam), *cert. denied* 452 U.S. 973 (1981); *see Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006); *Rowbottom v. State*, 341 Ark. 33, 13 S.W.3d 904 (2000) (double-jeopardy claim was a fundamental claim that appellant could raise for the first time in Rule 37.1 proceedings); *see also Collins v. State*, 324 Ark. 322, 920 S.W.2d 846 (1996) (right to twelve-member jury is such a fundamental right that it could be raised for the first time in a Rule 37.1 proceeding); *Jeffers v. State*, 301 Ark. 590, 786 S.W.2d 114 (1990) ("[A] ground sufficient to void a conviction must be one so basic that it renders the judgment a complete nullity, [as,] for example, a judgment obtained in a court lacking jurisdiction to try the accused."). The burden is on the petitioner to establish that there is a ground sufficient to void the judgment of conviction. *Travis*, 286 Ark. 26, 688 S.W.2d 935.

Petitioner first claims that he is entitled to postconviction relief on the ground that the arrest warrant in his case was invalid. The allegation constitutes a direct attack on the judgment of conviction rather than a collateral challenge to the judgment and is not cognizable under Criminal Procedure Rule 37.1. *Lewis v. State*, 2013 Ark. 105 (per curiam) (citing *Gunn v. State*, 291 Ark. 548, 726 S.W.2d 278 (1987)). Moreover, some flaw in the arrest procedure does not vitiate an otherwise valid judgment and does not constitute fundamental error sufficient to void a

---

App'x. 746, 797 S.W.2d 458 (1990). The revised rule does not require petitioners to gain leave of this court before proceeding in the trial court.

SLIP OPINION

judgment. *See Cook v. Hobbs*, 2011 Ark. 382 (per curiam); *Biggers v. State*, 317 Ark. 414, 878 S.W.2d 717 (1994).

Petitioner next argues that the felony information in his case was invalid because the deputy prosecutor overstepped his authority by signing the information on behalf of the prosecuting attorney. The issue is not a jurisdictional matter and is not sufficient to void the judgment. *Norris v. State*, 2013 Ark. 205, ___ S.W.3d ___ (per curiam); *see Davis v. State*, 2011 Ark. 88 (per curiam). In *State v. Eason*, 200 Ark. 1112, 143 S.W.2d 22 (1940), this court held that an information filed in the name of a deputy was *voidable*, rather than void. We said,

> There is . . . a presumption that a deputy prosecuting attorney acts under the direction of his superior. Until the authority is questioned and there is a failure of the prosecuting attorney to affirm, the information, being voidable only, is sufficient to bring the defendant before the court, and in consequence such court acquires jurisdiction.

*Id.* at 1114, 143 S.W.2d at 23. Appellant presented nothing in his petition to suggest that the deputy prosecutor in his case acted without the consent of the prosecuting attorney. An entirely conclusory claim is not a ground for postconviction relief. *Glaze v. State*, 2013 Ark. 141 (per curiam). The burden is entirely on the petitioner in a Rule 37.1 proceeding to provide facts that affirmatively support the claims of prejudice. *Thacker v. State*, 2012 Ark. 205 (per curiam); *Jones v. State*, 2011 Ark. 523 (per curiam); *Payton v. State*, 2011 Ark. 217 (per curiam). Conclusory statements without factual substantiation do not warrant granting postconviction relief. *Crain v. State*, 2012 Ark. 412 (per curiam).

Petitioner, who gave a statement to police in which he confessed to the offenses, also argues that he was not adequately informed of his rights under *Miranda v. Arizona*, 384 U. S. 435 (1966), and that the failure to advise him fully of his rights was fundamental error sufficient to

void the judgment of conviction. Specifically, petitioner states that the *Miranda* form he signed did not explain that he had the right to have an appointed attorney present with him at no cost to him during questioning by the police.

The issue was not raised at trial. Rather, appellant challenged the admissibility of the statement made to police solely on the ground that appellant was impaired by narcotics when the statement was given. In contradiction of petitioner's current claim, the motion to suppress the statement that he filed in the trial court noted that "defendant was advised that before answering he was entitled to have an attorney present with him and that an attorney would be appointed for him at state expense if he could not afford to hire one." But, regardless of whether appellant was properly advised of his *Miranda* rights, the issue could have been settled in the trial court at the time of trial. We have repeatedly held that even questions of constitutional dimension can be waived if not raised at trial. *Taylor v. State*, 2010 Ark. 372, 372 S.W.3d 769, *cert. denied*, ___ U.S. ___, 131 S. Ct. 2106 (2011) (issue of whether death penalty is unconstitutional as applied to appellant's case was waived where issue was not raised at trial); *see Vance v. State*, 2011 Ark. 243, 383 S.W.3d 325 (issue of whether *Miranda* rights were violated was waived where not raised below); *see also Spring v. State*, 368 Ark. 256, 244 S.W.3d 683 (2006).

In his final claim for postconviction relief, petitioner raises a series of allegations of ineffective assistance of counsel, including counsel's failure to challenge the legality of his arrest and the validity of the felony information and counsel's failure to preserve issues for appeal. Under the version of the Rule governing the instant petition, the allegations of ineffective assistance of counsel were not grounds for relief because none established a fundamental error

SLIP OPINION

that rendered the judgment a nullity. *See Halfacre*, 2010 Ark. 377; *Martin v. State*, 277 Ark. 175, 639 S.W.2d 738 (1982).

While a fundamental claim that would render the judgment in a criminal case absolutely void can be considered under Rule 37.1 after the three-year period to proceed under the Rule has elapsed, the claim must be supported by facts to demonstrate that a fundamental right was denied to a particular petitioner under the facts of his or her case. *Crain*, 2012 Ark. 412; *see Wells v. State*, 2012 Ark. 375 (per curiam); *see also Holt v. State*, 281 Ark. 210, 662 S.W.2d 822 (1984). Appellant did not meet his burden of demonstrating that he was denied a fundamental right sufficient to void the judgment in his case. Accordingly, his request to reinvest jurisdiction in the trial court to proceed under Rule 37.1 is denied. The motion for appointment of counsel is moot.

Petition denied; motion moot.

*Robert Munnerlyn*, pro se petitioner.

No response.