

# SUPREME COURT OF ARKANSAS

No. CR-87-61

| | |
|---|---|
| ROBERT MUNNERLYN<br><br>PETITIONER<br><br>v.<br><br>STATE OF ARKANSAS<br><br>RESPONDENT | **Opinion Delivered** January 23, 2014<br><br>PRO SE SECOND PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR POSTCONVICTION RELIEF PURSUANT TO ARKANSAS RULE OF CRIMINAL PROCEDURE 37.1 [CIRCUIT COURT OF PULASKI COUNTY, 60CR-86-118]<br><br><br><u>PETITION DISMISSED.</u> |

## PER CURIAM

In 1986, in circuit court case 60CR-86-118, petitioner Robert Munnerlyn was found guilty of three felony offenses for which an aggregate sentence of life imprisonment was imposed. This court affirmed. *Munnerlyn v. State*, 293 Ark. 209, 736 S.W.2d 282 (1987).

On July 8, 2013, petitioner filed in this court a pro se petition for leave to proceed in the trial court pursuant to Arkansas Rule of Criminal Procedure 37.1 (1986). The petition was properly filed here because Rule 37.2(a), as it applies to petitioners with judgments entered before July 1, 1989, which have been affirmed on appeal, requires the petitioner to obtain leave from this court before filing a postconviction petition in the trial court.[1] Rule 37.2(c), as it

---

[1] Arkansas Criminal Procedure Rule 37 was abolished by this court effective July 1, 1989. *In re Abolishment of Rule 37 and the Revision of Rule 36 of the Arkansas Rules of Criminal Procedure*, 299 Ark. App'x 573, 770 S.W.2d 148 (1989). Rule 37 was reinstated in a revised form on January 1, 1991. *In re Reinstatement of Rule 37 of the Arkansas Rules of Criminal Procedure*, 303 Ark. App'x 746, 797 S.W.2d 458 (1990). The revised rule does not require petitioners to gain leave of this court before proceeding in the trial court.



applies to petitioner, provides that a petition under the Rule is untimely if not filed within three years of the date of commitment unless the petitioner states some ground for relief which, if found meritorious, would render the judgment of conviction absolutely void, i.e., a complete nullity. *Halfacre v. State*, 2010 Ark. 377 (per curiam); *Travis v. State*, 286 Ark. 26, 688 S.W.2d 935 (1985); *Collins v. State*, 271 Ark. 825, 611 S.W.2d 182 (1981) (per curiam), *cert. denied*, 452 U.S. 973 (1981); *see Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006); *Rowbottom v. State*, 341 Ark. 33, 13 S.W.3d 904 (2000) (double-jeopardy claim was a fundamental claim that appellant could raise for the first time in Rule 37.1 proceedings); *see also Collins v. State*, 324 Ark. 322, 920 S.W.2d 846 (1996) (right to twelve-member jury is such a fundamental right that it could be raised for the first time in a Rule 37.1 proceeding); *Jeffers v. State*, 301 Ark. 590, 786 S.W.2d 114 (1990) ("[A] ground sufficient to void a conviction must be one so basic that it renders the judgment a complete nullity, [as,] for example, a judgment obtained in a court lacking jurisdiction to try the accused."). The burden is on the petitioner to establish that there is a ground sufficient to void the judgment of conviction. *Travis*, 286 Ark. 26, 688 S.W.2d 935.

In his first Rule 37.1 petition, petitioner raised the following claims: that he was entitled to postconviction relief on the ground that the arrest warrant in his case was invalid; that the felony information in his case was invalid because the deputy prosecutor overstepped his authority by signing the information on behalf of the prosecuting attorney; that he was not adequately informed of his rights under *Miranda v. Arizona*, 384 U. S. 435 (1966); that he was not afforded effective assistance of counsel. We held that none of the claims was sufficient to void the judgment-and-commitment order and denied the petition. *Munnerlyn v. State*, 2013 Ark. 339

SLIP OPINION

(per curiam).

Now before us is petitioner's second Rule 37.1 petition. Rule 37.2, as applicable to petitioner, provides that all grounds for relief must be raised in the original petition filed under the Rule, unless the second petition contains an allegation sufficient to void the judgment. *See Craft v. State*, 289 Ark. 466, 712 S.W.2d 303 (1986). As petitioner has not raised a claim sufficient to void the judgment in his case, the petition is dismissed.

In the petition, petitioner first contends again that he was subjected to an illegal arrest because there was no valid arrest warrant issued and the felony information in his case was invalid. Both allegations were raised in the original petition and found to be inadequate to establish that the judgment in the case was void. Petitioner has not stated a ground to revisit those issues. *See Ruiz v. State*, 280 Ark. 190, 655 S.W.2d 441 (1983).

Petitioner next asserts that an illegal search was conducted in his case. The allegation is a claim of trial error. Such claims that were, or could have been, raised in the trial court, and, if applicable, on the record on direct appeal, are not grounds for Rule 37.1 relief even if the issue is of constitutional dimension. *Murphy v. State*, 2013 Ark. 243 (per curiam). While there is an exception for issues of error that are sufficient to render a judgment absolutely void under Rule 37.2, as applicable to petitioner, the issue of whether there was evidence obtained by an illegal search in his case is not an issue of such fundamental nature that the judgment entered against petitioner would be rendered void by the error. *See Sanchez v. State*, 290 Ark. 39, 716 S.W.2d 747 (1986) (per curiam).

Finally, petitioner raises multiple allegations of ineffective assistance of counsel, most of

which were raised in some form in the original petition under the Rule. The allegations of ineffective assistance of counsel raised by petitioner are not grounds for relief because none establishes a fundamental error that renders the judgment a complete nullity. *See Halfacre*, 2010 Ark. 377; *Martin v. State*, 277 Ark. 175, 639 S.W.2d 738 (1982). The burden is on the petitioner claiming fundamental error to support the claim with facts to demonstrate that a fundamental right was denied to a particular petitioner under the facts of his or her case. *Crain v. State*, 2012 Ark. 412 (per curiam); *see Wells v. State*, 2012 Ark. 375 (per curiam); *see also Holt v. State*, 281 Ark. 210, 662 S.W.2d 822 (1984). Appellant has not met that burden. Accordingly, his second request to reinvest jurisdiction in the trial court to proceed under Rule 37.1 is dismissed.

Petition dismissed.

*Robert Munnerlyn*, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.

4