SLIP OPINION

Cite as 2017 Ark. 309

# SUPREME COURT OF ARKANSAS.
No. CR-16-970

| | | |
|---|---|---|
| ARDWIN SYLVESTER | | **Opinion Delivered** November 9, 2017 |
| | APPELLANT | |
| V. | | PRO SE APPEAL FROM SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. 66FCR–14–633A] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE J. MICHAEL FITZHUGH, JUDGE |
| | | AFFIRMED. |

**KAREN R. BAKER, Associate Justice**

Appellant Ardwin Sylvester appeals from the denial of his pro se petition for postconviction relief filed pursuant to Rule 37.1 (2016) of the Arkansas Rules of Criminal Procedure. On appeal, Sylvester raises three grounds to reverse the trial court's order: his trial counsel was ineffective for failing to call his mother, Wanda Mata, as a mitigation witness to provide testimony describing his history of being sexually assaulted as a child and his history of mental illness; his trial counsel failed to obtain copies of a DNA report that was inconclusive in linking Sylvester to the crime; and the trial court erred when it denied his pro se posttrial motion for new trial. From a review of the record, we find no error because the decision not to call Wanda Mata as a mitigation witness was a matter of trial strategy; Sylvester's claim regarding the alleged inconclusive DNA report is waived on appeal; and Sylvester's claim with respect to the trial court's error in denying his motion for a new trial is not cognizable in a Rule 37.1 proceeding. We therefore affirm.

SLIP OPINION

On May 14, 2015, Sylvester was convicted by a jury of kidnapping, rape, and aggravated robbery and was given the maximum sentence of three terms of life imprisonment. We affirmed the convictions and sentences. *Sylvester v. State*, 2016 Ark. 136, 489 S.W.3d 146. Sylvester then filed a timely petition pursuant to Rule 37.1 that raised multiple ineffective-assistance-of-counsel claims. After the trial court initially denied Sylvester's petition, Sylvester filed a motion for reconsideration. In response, the trial court withdrew its original order denying Sylvester's petition and conducted two separate hearings on the matter. The testimony of Sylvester's trial counsel and Sylvester's mother was presented at the second hearing. During the hearings, Sylvester raised an additional ineffective-assistance-of-counsel claim by arguing that his trial counsel failed to obtain the inconclusive DNA report. The trial court entered an order denying relief. While the trial court specifically addressed the claims set forth in Sylvester's Rule 37.1 petition, it did not rule on the additional ineffective-assistance-of-counsel allegation raised during the hearings.

It is an appellant's obligation to obtain a ruling to preserve an issue for appellate review. *Fisher v. State*, 364 Ark. 216, 223, 217 S.W.3d 117, 123 (2005) (citing *Beshears v. State*, 340 Ark. 70, 8 S.W.3d 32 (2000)). Because Sylvester failed to obtain a ruling from the trial court on the allegation surrounding the DNA report, the issue is not preserved for review on appeal. Moreover, of the multiple ineffective-assistance-of-counsel claims raised in his Rule 37.1 petition and ruled on by the trial court, Sylvester raises only one of those claims in his argument on appeal. Arguments made to the trial court but not included in the arguments on appeal are considered abandoned. *Jordan v. State*, 356 Ark. 248, 256, 147 S.W.3d 691, 696 (2004) (citing *Echols v. State*, 344 Ark. 513, 42 S.W.3d 467 (2001)). As Sylvester has abandoned the majority of his ineffective-assistance-of-counsel claims, we

2

address the sole attorney-error claim preserved on appeal—that his trial counsel erroneously failed to call his mother as a mitigation witness.

When considering an appeal from a trial court's denial of a Rule 37 petition, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Henington v. State*, 2012 Ark. 181, at 3–4, 403 S.W.3d 55, 58–59. Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong analysis. First, a claimant must show that counsel's performance was deficient. *Id.* Counsel is presumed effective, and a petitioner, in claiming deficiency, must show that trial counsel's representation fell below an objective standard of reasonableness. *Id.* (citing *Strickland*, 466 U.S. at 688). Petitioner has the burden of overcoming the presumption by identifying specific acts and omissions that, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Id.* As explained below, the second prong of the *Strickland* test need not be considered.

There is no reason for a court deciding an ineffective-assistance-of-counsel claim to address both components of the inquiry if a petitioner makes an insufficient showing on one. *Springs v. State*, 2012 Ark. 87, at 4, 387 S.W.3d 143, 148 (citing *Strickland*, 466 U.S. at 697). This court has repeatedly held that matters of trial strategy and tactics, even if arguably improvident, fall within the realm of counsel's professional judgment and are not grounds for a finding of ineffective assistance of counsel. *Id.* at 22, 387 S.W.3d at 158. The decision whether to call a particular witness is a matter of trial strategy that is outside the purview of Rule 37. *Noel v. State*, 342 Ark. 35, 42, 26 S.W.3d 123, 128 (2000). Here, the

record demonstrates that Sylvester's trial counsel testified that he had spoken with Sylvester's mother before, and at the time of, trial and made the strategic decision that her testimony would harm rather than help Sylvester, in that she had shown a tendency to blame Sylvester's parole officer for his crimes. Because the decision not to call Sylvester's mother as a witness falls within the realm of trial counsel's professional judgment, the trial court did not clearly err when it denied this claim of ineffective assistance of counsel.

Sylvester's remaining ground for reversal is a claim of trial-court error. Sylvester contends that the trial court erred when it summarily denied his pro se motion for a new trial filed pursuant to Rule 33.3 (2015) of the Arkansas Rules of Criminal Procedure. Sylvester maintains that he was entitled to a new trial based on the twelve claims raised in his pro se posttrial motion.

A review of the record demonstrates that Sylvester filed a pro se motion for new trial that alleged multiple claims of ineffective assistance of counsel and that he also filed pro se motions for appointment of counsel and an evidentiary hearing. These pro se posttrial motions were filed after the notice that appealed the underlying judgment of conviction had been filed by Sylvester's trial counsel. However, even though a notice of appeal had been filed, the record on direct appeal was not lodged until June 18, 2015, two hours after the trial court entered its order denying Sylvester's posttrial motions.[1] Therefore, at the time the trial court filed the order denying relief, it had jurisdiction of the matter, and the order

---

[1] The record in this case reveals that the order denying Sylvester's pro se posttrial motions was entered on June 18, 2015, at 1:12 p.m., while the direct-appeal record (CR–15–522) reveals that Sylvester's trial record was lodged in this court on June 18, 2015, at 2:53 p.m.

was subject to review on direct appeal. *See Myers v. Yingling*, 369 Ark. 87, 89, 251 S.W.3d 287, 290 (2007) (Once the record is lodged in the appellate court, the circuit court no longer exercises jurisdiction over the parties and the subject matter in controversy.).

Following the denial of his posttrial motions, Sylvester lodged a timely pro se notice of appeal pursuant to Arkansas Rule of Appellate Procedure–Criminal 2(b) (2015). S*ee Ayala v. State*, 365 Ark. 192, 194, 226 S.W.3d 766, 768 (2006) (To perfect an appeal of the denial of a posttrial motion, a party must amend the previously filed notice of appeal within thirty days from the date the motion has been disposed of by the trial court.). This court has recognized that relief may be awarded a defendant on direct appeal when a motion for new trial has been filed alleging ineffective-assistance-of-counsel. *Missildine v. State*, 314 Ark. 500, 507, 863 S.W.2d 813, 818 (1993). Sylvester's timely pro se notice of appeal to include an appeal from the trial court's denial of his motion for a new trial preserved the issue for review on direct appeal.

However, despite Sylvester's supplemental notice of appeal, his appointed appellate counsel did not take steps to preserve the issues raised in the motion for new trial or otherwise challenge the trial court's order denying Sylvester's pro se posttrial motions.[2] Thus, the issue of trial-court error related to the denial of Sylvester's motion for

---

[2] In November 2015, Sylvester filed a motion in this court asking that he be allowed to supplement his trial counsel's brief by raising the ineffective-assistance-of-counsel claims that were raised in his pro se motion for new trial. Sylvester alleged in the motion that he had written to his appointed counsel asking that the issues raised in his pro se motion for a new trial be included in the appellant's brief, but his appellate counsel never responded to his requests. This court denied the motion through a per curiam order entered by syllabus entry on January 16, 2016.

new trial could have been raised and reviewed on direct appeal, but for appellate counsel's failure to do so.

Generally, Rule 37 does not provide a remedy when an issue could have been raised in the trial or argued on appeal. *Howard v. State*, 367 Ark. 18, 26–27, 238 S.W.3d 24, 32 (2006) (citing *Camargo v. State*, 346 Ark. 118, 55 S.W.3d 255 (2001)). However, there is an exception to this general rule for errors that are so fundamental as to render the judgment of conviction void and subject to collateral attack. *Id.* (citing *Rowbottom v. State*, 341 Ark. 33, 13 S.W.3d 904 (2000) (double-jeopardy claim was fundamental claim); *Collins v. State*, 324 Ark. 322, 920 S.W.2d 846 (1996) (right to twelve-member jury); *Jeffers v. State*, 301 Ark. 590, 786 S.W.2d 114 (1990) (lack of jurisdiction of trial court)). Sylvester's claim of trial-court error in this instance does not meet the fundamental-error standard. Because the claim that the trial court erred by denying Sylvester's pro se posttrial motion was subject to review on direct appeal, it is not cognizable in a postconviction proceeding. *Howard*, 367 Ark. at 26–27, 238 S.W.3d at 32.

Affirmed.

*Ardwin F. Sylvester*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.