ROBIN F. WYNNE, Associate Justice
Petitioner Robert Munnerlyn has filed a motion to reinvest jurisdiction in the trial court to consider a petition for a writ of audita querela, or alternatively, for leave to file a postconviction petition in the trial court pursuant to Rule 37.2(a) (1986) of the Arkansas Rules of Criminal Procedure. Because a writ of audita querela is indistinguishable from a writ of error coram nobis, Munnerlyn's request for audita querela relief is treated as a petition to reinvest jurisdiction in the trial court to consider a writ of error coram nobis. See Pitts v. State , 2016 Ark. 345, 501 S.W.3d 803 (recognizing that a writ of audita querela is available to criminal defendants); 7A C.J.S. Audita Querela § 2 (2016) (The difference between coram nobis and audita querela is largely one of timing, not substance.). Munnerlyn's alternative request for relief pursuant to Rule 37.2 represents his third pro se petition for such relief. For the reasons set forth below, Munnerlyn has failed to raise sufficient allegations that establish entitlement to either *209 basis for postconviction relief, and the motion is denied.
A jury found Munnerlyn guilty of aggravated robbery, theft of property, and criminal attempt to commit capital murder. His respective sentences were life, thirty years, and sixty years. Munnerlyn challenged his confession on appeal based on the claim that the confession was involuntary in that it was the product of drug-induced intoxication. This court rejected the argument, concluded that the confession was voluntary, and affirmed his convictions and sentences. Munnerlyn v. State , 293 Ark. 209, 736 S.W.2d 282 (1987).
The applicable version of Rule 37.2(a) with respect to petitioners with judgments entered before July 1, 1989, which have been affirmed on appeal requires the petitioner to obtain leave from this court before filing a postconviction petition in the trial court.[1] Travis v. State , 286 Ark. 26, 688 S.W.2d 935 (1985). Similarly, the trial court cannot entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal unless this court grants permission. Newman v. State , 2009 Ark. 539, 354 S.W.3d 61.
Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. Westerman v. State , 2015 Ark. 69, 456 S.W.3d 374. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. Roberts v. State , 2013 Ark. 56, 425 S.W.3d 771. Error coram nobis does not lie to address issues which could have been raised at trial. Pitts v. State , 336 Ark. 580, 986 S.W.2d 407 (1999). The function of the writ is to secure relief from a judgment rendered while there existed some fact which would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. Howard v. State , 2012 Ark. 177, 403 S.W.3d 38. The writ is allowed under compelling circumstances to achieve justice and to address errors of the most fundamental nature. Id. A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. Id. Generally, newly discovered evidence is not a basis for relief under coram nobis. Larimore v. State , 327 Ark. 271, 280, 938 S.W.2d 818, 822 (1997).
With respect to Munnerlyn's alternative claim, Rule 37.2(a), as in effect at the time of his conviction provides that a petition filed under this rule is untimely if not filed within three years of the date of commitment unless the petitioner states some ground for relief which, if found meritorious, would render the judgment of conviction absolutely void. Travis , 286 Ark. 26, 688 S.W.2d 935. Rule 37.2(a) further provides that all grounds for relief must be raised in the original petition unless the second petition contains an allegation sufficient to void the judgment. Craft v. State , 289 Ark. 466, 712 S.W.2d 303 (1986). Finally, allegations of trial error are not grounds that can be reviewed on collateral *210 review in petitions filed pursuant to Rule 37.1. Neal v. State , 270 Ark. 442, 605 S.W.2d 421 (1980).
The gravamen of Munnerlyn's motion for postconviction relief is the assertion that, during his custodial interrogation, investigators failed to provide adequate warnings mandated by Miranda v. Arizona , 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), as applied by this court in Mayfield v. State , 293 Ark. 216, 736 S.W.2d 12 (1987). Specifically, Munnerlyn alleges that, while he was informed that he had a right to be represented by an attorney, interrogators failed to inform him that he had a right to be represented by an attorney at no cost to him. In support of his claim for relief, Munnerlyn attaches to his motion the "rights form" that was provided to him by interrogators, which does not include information that Munnerlyn had a right to an attorney at no cost to him. Also attached to the motion is an affidavit executed by Officer Robert Stanley Bohannon, who conducted Munnerlyn's interrogation. Officer Bohannon avers in his affidavit that neither Bohannon nor any other officer expanded on the language contained in the attached "rights form."
The pretrial suppression motion and an affidavit executed by Munnerlyn's trial counsel are also attached to the motion. The suppression motion contains the following statement: "[T]he defendant should be advised that before answering he was entitled to have an attorney present with him and that an attorney would be appointed for him at state expense if he could not afford one." Trial counsel's affidavit explains that the aforementioned statement should not be construed as an admission that Munnerlyn was provided with sufficient Miranda warnings. Munnerlyn contends, however, that the statement should be construed as an affirmative challenge to the sufficiency of the Miranda warnings and that the trial court erred by failing to address the issue before making the determination that Munnerlyn's confession was voluntary.
In support of his claims, Munnerlyn cites this court's holding in Mayfield , 293 Ark. 216, 736 S.W.2d 12, which mandated that an accused must be warned prior to any questioning that he has the right to the presence of an attorney and that if he cannot afford an attorney one will be appointed for him. Id. at 222, 736 S.W.2d at 15. In so holding, this court specifically overruled its holding in Thomerson v. State , 274 Ark. 17, 621 S.W.2d 690 (1981), which had affirmed the conviction of the appellant despite a similar challenge to the adequacy of the Miranda warning. Munnerlyn notes that the Mayfield decision was handed down by this court on September 28, 1987-the same date that Munnerlyn's conviction was affirmed on direct appeal. Munnerlyn argues that the failure to provide sufficient warnings as required by this court's holding in Mayfield violated his Fifth Amendment right against self-incrimination.
Munnerlyn contends that the affidavits executed by trial counsel and Officer Bohannon have provided new evidence that entitle him to coram nobis relief. However, even if the affidavits presented by Munnerlyn represent "new evidence," these affidavits are not a basis for relief under coram nobis. Larimore , 327 Ark. 271, 938 S.W.2d 818. Rather, Munnerlyn's burden is to demonstrate a fundamental error of fact extrinsic to the record that would have prevented the rendition of the judgment had it been known. Howard , 2012 Ark. 177, 403 S.W.3d 38. Munnerlyn's allegations regarding the adequacy of the Miranda warnings do not include a fact that was extrinsic to the record. Id. The "rights form" was known at the time of *211 Munnerlyn's trial and the adequacy of the Miranda warnings contained therein could have been challenged at trial, but it was not. See Pitts , 336 Ark. 580, 986 S.W.2d 407. Contrary to Munnerlyn's contentions, the sufficiency of the Miranda warnings was an issue that was not raised in the suppression motion, but instead it was contended that Munnerlyn was under the influence of narcotics when his statements were given.[2] Munnerlyn's trial counsel made no allegation in his affidavit that he had challenged the adequacy of the Miranda warnings, and there is no evidence that the trial court ruled on and thereby preserved the issue on direct appeal. See Sylvester v. State , 2017 Ark. 309, 530 S.W.3d 346 (citing Beshears v. State , 340 Ark. 70, 8 S.W.3d 32 (2000) ). Munnerlyn's allegations and the affidavits in support thereof do not establish a fact extrinsic to the record that would have prevented the rendition of the judgment.
Munnerlyn alternatively contends entitlement to Rule 37.1 relief on the bases of trial-court error in the admission of his confession and allegations of ineffective assistance of counsel based on counsel's failure to challenge the adequacy of the Miranda warnings. Munnerlyn's first two petitions for permission to proceed in the trial court under Rule 37.1 were filed well beyond the three-year statute of limitations and were therefore denied as he had failed to allege sufficient grounds to render his judgment of conviction void. Munnerlyn v. State , 2014 Ark. 27 (per curiam); Munnerlyn v. State , 2013 Ark. 339, 2013 WL 5306061 (per curiam). A ground sufficient to void a conviction must be one so basic that the judgment is a complete nullity, such as a judgment obtained in a court without jurisdiction to try the accused or a judgment obtained in violation of the provisions against double jeopardy. Travis , 286 Ark. 26, 688 S.W.2d 935. Issues not sufficient to void the conviction are waived if not raised at trial even though they are of constitutional dimension. Id. The burden is on the petitioner to demonstrate that the judgment entered was a nullity. Id. In his first Rule 37.1 petition Munnerlyn challenged the sufficiency of his Miranda warnings and this court denied relief because his petition was untimely and Munnerlyn had failed to raise an issue that would render his conviction a nullity. Munnerlyn , 2013 Ark. 339. The two affidavits attached to Munnerlyn's current motion for Rule 37.1 relief do not do not create a new ground that is sufficient to void his conviction. The adequacy of Mirandawarnings does not implicate a fundamental right that is capable of voiding the judgment. Instead, a challenge to Miranda warnings must be first raised at trial. See Vance v. State , 2011 Ark. 243, 383 S.W.3d 325 (issue of whether Miranda rights were violated was waived where not raised below).
As stated above, Munnerlyn noted that the holding in Mayfield announced a new precedent, which clarified the parameters of a constitutionally adequate Miranda warning after his trial was concluded and on the same date that his conviction was affirmed on direct appeal. To the extent that Munnerlyn alleges that the Mayfield holding represents a new rule of criminal procedure that should be retroactively applied to his claim for postconviction relief, he is mistaken. The standard for the retroactive application of new rules of criminal procedure is the same as the *212 standard cited above with respect to any issue of constitutional dimension raised for the first time in a collateral proceeding. The United States Supreme Court declined to apply its holding in Miranda retroactively. Johnson v. New Jersey , 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). In coming to this conclusion, the Supreme Court found that the rights guaranteed by the Miranda decision did not involve issues fundamental to the very integrity of the fact-finding process or include the clear danger of convicting the innocent, as would be the case if an involuntary confession obtained through coercion was admitted into evidence. Id.
Here, Munnerlyn does not allege that his in-custody statement was given in response to threats or coercive measures. The precedent announced by this court in Mayfield , which provided a clearer definition of what constitutes a sufficient Miranda warning, could not be applied retroactively to Munnerlyn's convictions when raised for the first time in an untimely postconviction proceeding. Travis , 286 Ark. 26, 688 S.W.2d 935.
Motion denied.
Hart, J., concurs.
Josephine Linker Hart, Justice, concurring.
I join the majority's resolution in this case, but I write separately because I disagree with the majority's rationale. The majority is correct that Munnerlyn's Rule 37.1 petition was filed outside the three-year statute of limitations, and he therefore is not entitled to relief unless his assertions would render the judgment void. However, I take issue with the majority's proposition that "[t]he adequacy of Miranda warnings does not implicate a fundamental right that is capable of voiding the judgment. Instead, the adequacy of Miranda warnings must first be raised at trial." The authority cited by the majority does not support this proposition as it relates to this case. Even so, there is no dispute that Munnerlyn raised the adequacy of the Miranda warnings in his first Rule 37.1 petition filed in 2013. Regardless of whether this court was right or wrong to do so, it denied his petition at that juncture. Munnerlyn v. State , 2013 Ark. 339, 3-4. Accordingly, res judicata controls. Mason v. State , 361 Ark. 357, 206 S.W.3d 869 (2005).

Rule 37 of the Arkansas Rules of Criminal Procedure was abolished by this court effective July 1, 1989. In re Abolishment of Rule 37 and Revision of Rule 36 of the Arkansas Rules of Criminal Procedure , 299 Ark. 573, 770 S.W.2d 148 (1989) (per curiam). Rule 37 was reinstated in a revised form on January 1, 1991. In re Reinstatement of Rule 37 of the Arkansas Rules of Criminal Procedure , 303 Ark. Fed.Appx. 746, 797 S.W.2d 458 (1990) (per curiam). The revised rule does not require the petitioner to obtain leave from this court to file a postconviction petition in the trial court.

This contrasts with the argument raised at trial by the appellant in Mayfield : "In a hearing before the trial, the appellant moved to suppress the confession on the ground that the warning did not comply with the requirements stated in Miranda ...." Mayfield , 293 Ark. at 218, 736 S.W.2d at 13.